# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5768 | **DATE** | 12/4/2000 |
| **CASE TITLE** | MARTIN ABRAMS vs. TROOPER KENT WALKER, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss [6-1] is denied. The defendants are directed to answer the complaint by December 15, 2000. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 12/6/00 date docketed | 11 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | C.S. docketing deputy initials | |
| | Mail AO 450 form. | EC-7 FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 00 DEC -5 AM 11: 25 | 12/4/2000 date mailed notice | |
| SB | courtroom deputy's initials | | jad mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 0 6 2000

MARTIN ABRAMS,
          Plaintiff,

v.

TROOPER KENT WALKER and TROOPER THE' TRAN,
          Defendants.

No. 00 C 5768

Suzanne B. Conlon, Judge

## MEMORANDUM OPINION AND ORDER

Martin Abrams ("Abrams") sues Trooper Kent Walker, #4315 ("Walker") and Trooper The' Tran, #4824 ("Tran") (collectively "defendants") in their individual capacity for malicious prosecution under 42 U.S.C. § 1983 ("§ 1983") (Count I) and state law (Count II). Defendants move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Abrams has failed to respond to the motion.

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). On October 13, 1998, Abrams, a licensed attorney in Illinois, was driving home on Interstate 90 after appearing in the Boone County Courthouse with his client, Trent Forte ("Forte"). Abrams' vehicle was behind Forte's on the highway. Walker, a state trooper, stopped Forte's vehicle. Abrams stopped his car to offer Forte legal assistance. Abrams believed Forte had not violated any traffic or criminal laws. Abrams identified himself to

Walker as Forte's attorney and explained he wanted to speak with his client. In response, Walker said he was going to issue Abrams a ticket. Shortly after this conversation, Tran, a state trooper, arrived on the scene and spoke with Walker. Walker then handcuffed Abrams and charged him with unlawful use of a weapon. Walker and Tran took Abrams to the police station where the officers allegedly fabricated a false story in a signed police report. The report stated Abrams resisted arrest and obstructed a police officer. Consequently, Abrams was charged with resisting arrest and obstructing a police officer. On February 17, 2000, Abrams was found not guilty of all charges arising from his arrest.

Abrams alleges defendants unlawfully fabricated evidence, causing him to be imprisoned and depriving him of his liberty rights. Abrams further claims his arrest without probable cause was an unconstitutional seizure in violation of the Fourth Amendment.

## DISCUSSION

### I. Motion To Dismiss Standard

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may not be dismissed if there is a set of facts that, if proven, would entitle a plaintiff to relief. *Trans All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1426 (7th Cir. 1996). A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, a court is not required to accept conclusory allegations as true. *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994).

## II. Section 1983 claim

Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw,* 512 U.S. 107 (1994). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (citations omitted). The first step in addressing a § 1983 claim is to identify the specific constitutional right allegedly violated. *Id.* Abrams alleges his Fourth Amendment rights were violated when he was arrested without probable cause.

A criminal defendant may bring an action for malicious prosecution under § 1983 for a violation of his Fourth Amendment rights when he is prosecuted without reasonable grounds and unlawfully incarcerated before trial. *Cervantes v. Jones,* 188 F.3d 805, 808 (7th Cir. 1999). Specifically, a plaintiff must show (1) he has satisfied the state law requirements for a malicious prosecution claim;[1] (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty. *Sneed v. Rybicki,* 146 F.3d 478, 480-481 (7th Cir. 1998). Defendants argue Abrams did not adequately plead the third requirement because he did not allege any incarceration amounting to a constitutional deprivation of liberty. Abrams, however, specifically alleges he was wrongfully imprisoned and suffered loss of liberty. Cmplt. ¶ 23. Read in a light most favorable to the nonmovant, this allegation is sufficient to meet the third pleading requirement for a malicious prosecution claim under § 1983.

---

[1] A plaintiff must allege the following elements for a malicious prosecution claim under Illinois law: "(1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in the plaintiff's favor; and (5) there was an injury." *Sneed v. Rybicki,* 146 F.3d 478, 480-481 (7th Cir. 1998).

3

Abrams has brought his malicious prosecution claims against police officers. Malicious prosecution claims against police officers are rarely successful. "This is because the [prosecutor], not the police, prosecutes a criminal action." *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996). To successfully plead malicious prosecution against police officers, a plaintiff cannot simply allege he was arrested without probable cause and tried. The plaintiff must further allege police wrongdoing after the arrest, which influenced the prosecutor's decision to bring the case to trial. *Id.* Abrams satisfies this requirement because he alleges defendants fabricated a story in a police report, and this story caused him to be prosecuted. Cmplt. ¶ 21.

### III. State law claim

Abrams also brings his malicious prosecution claim under Illinois tort law. The Illinois Court of Claims typically has exclusive jurisdiction over tort claims against the state. 705 ILCS 505/8 (1996). However, the Court of Claims "does not have exclusive jurisdiction where the plaintiff claims that the state employee acted in violation of statutory or constitutional law, or in excess of his authority." *Chavez v. Illinois State Police, et al.*, 27 F.Supp.2d 1053, 1082 (N.D. Ill. 1998) (citations omitted). Furthermore, sovereign immunity offers state actors no protection when a plaintiff makes these allegations. *Id.* Abrams has alleged defendants violated constitutional law and acted in excess of their authority by arresting him without probable cause and fabricating evidence. Therefore, the Court of Claims does not have exclusive jurisdiction over Abrams' state law claim. This court exercises its discretion to accept supplemental jurisdiction over Abrams' state law claim.

## **CONCLUSION**

Defendants' motion to dismiss is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

December 4, 2000