# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5768 | **DATE** | 4/9/2001 |
| **CASE TITLE** | MARTIN ABRAMS vs. TROOPER KENT WALKER, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for summary judgment [17-1] is granted. Judgment is entered for defendant Kent Walker and against plaintiff Martin Abrams. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 11 2001 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4/9/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SB | courtroom deputy's initials | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARTIN ABRAMS, )
)
Plaintiff, ) No. 00 C 5768
)
v. ) Suzanne B. Conlon, Judge
)
TROOPER KENT WALKER, #4315 and )
TROOPER THE' TRAN, #4824, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Martin Abrams ("Abrams") sues defendants Kent Walker ("Walker") and Thé Tran ("Tran") (collectively "defendants"), under 42 U.S.C. § 1983, for malicious prosecution (Count I), and violations of Abram's rights under the First Amendment of the United States Constitution (Count II).[1] Abrams voluntarily dismissed his claims against Tran. Walker moves for summary judgment.

## BACKGROUND

All facts are undisputed unless indicated otherwise. Walker and Tran are Illinois state troopers. Walker is sued in his individual capacity. All acts alleged against Walker occurred under color of state law. In October 1998, Abrams, who is an attorney, was at the Boone County courthouse to represent a client, Trent Forte ("Forte"). Pl. Ex. 1 at 112-13.[2] After Forte's appearance, Abrams followed Forte back to Chicago. Id. at 116-18. Abrams saw an Illinois state trooper stop Forte's car. Id. at 117-18. Walker stopped Forte for alleged traffic offenses. Abrams stopped his car on the roadside

---

[1] Abrams has abandoned his Sixth and Fourteenth Amendment claims.

[2] Each party relies heavily on a transcript of Abrams' state court criminal trial. This transcript is cited as "Pl. Ex. 1 at __ ."

near Walker and Forte. Pl. Ex. 1 at 118. Abrams backed his car up in front of Forte's car and got out. Id. at 118-19. Abrams did not observe Forte violate any traffic law. Id. at 117-18. Walker was in full uniform. Id. at 135. Abrams walked towards Walker and identified himself as Forte's attorney; he asked Walker why he stopped Forte. Id. at 119. Walker told Abrams he stopped Forte for traffic violations. Id. Abrams did not physically obstruct Walker while he was in the process of issuing traffic tickets to Forte. Id. at 39-41. However, Abrams asked Walker questions in an argumentative tone. Id. at 19.

Three or four times, Walker asked Abrams to return to his car for officer safety, but Abrams refused each request. Id. at 19, 20, 143. This interruption delayed Walker's completion of Forte's traffic citations. Id. at 20, 55-57. The last time Walker instructed Abrams to return to his car, he told Abrams that if he did not do so, he would be ticketed also. Id. at 20,120. Walker then asked Abrams for his driver's license and insurance card. Id. at 20. Abrams refused to produce either on the grounds that he is an attorney. Id. at 21. Walker asked Abrams four times for his license and insurance card, and each time Abrams refused to produce them. Id. Abrams inquired what tickets he would receive; Walker responded tickets for parking and backing up on the tollway, as well as tinted windows. Id. at 120. Abrams laughed and told Walker his car did not have tinted windows. Id. at 121. Abrams said he was leaving, and returned to his car. Id. at 21, 121. Abrams testified he would have left if Walker did not try to stop him because he felt Walker had no right to give him a ticket. Id. at 134-36, 138.

Abrams got in his car, and Walker ran over; Walker either reached for Abrams' keys in the ignition or a button to open the rear deck of the car. Id. at 121-22, 137. Walker pulled out a hunting knife laying on the rear deck and placed the knife on the roof of Abrams' car. Id. at 122-23. Abrams

then produced his license and insurance card. Id. at 21. Abrams warned Walker he was making a mistake and asked Walker to call his supervisor. Id. at 125. Walker instructed Abrams to stay in his car, and not to touch the knife. Id. at 21, 42, 44. As Walker returned to Forte's car, Abrams nevertheless got out of his car, grabbed the knife from the roof, and got back into his car. Id. at 21, 124. Walker believed at the time that possession of a large knife inside a car was a crime. Id. at 41-42. At this point, the only non-traffic, criminal offense Walker intended to file against Abrams was unlawful use of a weapon. Id. at 23, 24.

Walker called for assistance. Abrams waited in his car for about twenty minutes. Walker and Tran then approached him, and asked him to get out of the car. Id. at 124-25. Abrams told them both they were making a mistake. Id. at 126-27. Abrams tried to avoid being cuffed by spinning and twisting away. Id. at 26-30, 50-54. Walker grabbed Abrams, flipped him around, forced him against the car, and bent him over the car. Id. at 127, 143. Walker squeezed the cuffs onto Abrams' wrists. Abrams complained the cuffs were grinding his watch into his hand and asked if he could take his watch off; Walker denied the request. Id. at 127. Walker and Tran took Abrams to a police station where he was charged with obstructing a peace officer and resisting arrest.

In February 2000, a state court trial was held on Abrams' charges. Walker and Tran were witnesses against Abrams. Abrams was represented by counsel and testified in his defense. Abrams was found not guilty of all charges arising from his arrest. Abrams then brought this civil rights suit.

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ.

3

P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); King v. National Human Res. Comm., Inc., 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Silk v. City of Chicago, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transp. Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000).

## II.  MALICIOUS PROSECUTION

To state a claim for malicious prosecution under § 1983, Abrams must show:  he satisfied the requirements of a state law cause of action for malicious prosecution; state actors committed the malicious prosecution; and he was deprived of liberty. Sneed v. Rybicki, 146 F.3d 478, 480 (7th Cir. 1998); Reed v. City of Chicago, 77 F.3d 1049, 1051 (7th Cir.1996) (citing Smart v. Board of Tr. of Univ. of Ill., 34 F.3d 432, 434 (7th Cir. 1994)).  To establish a malicious prosecution action under Illinois law, Abrams must demonstrate:  he was subjected to judicial proceedings for which no probable cause existed; Walker instituted or continued the proceedings maliciously; the proceedings terminated in Abram's favor; and there was an injury. Sneed, 146 F.3d at 480-81; Reed, 77 F.3d at 1051 (citing Curtis v. Bembenek, 48 F.3d 281, 286 (7th Cir.1995)).

Walker argues he had probable cause for arresting Abrams and therefore Abrams cannot establish malicious prosecution. Probable cause defeats an action for malicious prosecution under both Illinois and federal law. Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir. 1989); Burghardt

4

v. Remiyac, 565 N.E.2d 1049, 1052 (Ill. App. Ct. 1991). The existence of probable cause is a mixed question of law and fact. Ornelas v. United States, 517 U.S. 690, 696 (1996); Humphrey v. Staszak, 148 F.3d 719, 725 (7th Cir. 1998). If facts sufficient to create probable cause are undisputed, probable cause is a question of law. Potts v. City of Lafayette, 121 F.3d 1106, 1112 (7th Cir. 1997); People v. Cooke, 701 N.E.2d 526, 529 (Ill. App. Ct. 1998). A dispute concerning some facts relevant to determining the existence of probable cause does not preclude a finding of probable cause, so long as the finding survives after adopting the plaintiff's version of disputed facts supported by the record. Cervantes v. Jones, 188 F.3d 805, 811 (7th Cir. 1999).

Probable cause requires circumstances that create a reasonable belief that the person arrested is guilty of the crime. Cervantes, 188 F.3d at 811. This analysis is based on everyday factual and practical considerations on which reasonable people act, not legal technicians. Id. Subjective belief as to the legal basis of the prosecution is irrelevant; the test for probable cause is objective. Id. Reasonable mistakes will be excused. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1246 (7th Cir. 1994).

Abrams argues that by adopting his version of the disputed facts, probable cause did not exist for Walker to arrest and charge him with obstructing a peace officer and resisting arrest. Abrams asserts he saw Forte unlawfully stopped by Walker, and stopped his own car to peacefully inquire about the reasons for the traffic stop of his client. Abrams concludes that he never obstructed Walker and did not resist when he was handcuffed.

A person commits obstruction of a peace officer or resists arrest if he resists or obstructs the performance of a known peace officer acting in his official capacity. 720 ILCS 5/31-1(a). Walker was in his marked squad car, and in full uniform. Abrams knew Walker was a peace officer. Walker was in the process of a traffic stop and then Abrams' arrest, authorized acts regardless of their legality.

5

*See* People v. Crawford, 505 N.E.2d 394 (Ill. App. Ct. 1987) (person may not resist arrest by known officer, even if arrest is unlawful); People v. Gilman, 308 N.E.2d 666 (Ill. App. Ct. 1974) (same); People v. Shinn, 283 N.E.2d 502 (Ill. App. Ct. 1972) (same). The only question remaining is whether Walker had probable cause to believe Abrams obstructed the traffic stop or resisted arrest.

## A. Probable Cause for Obstruction of a Peace Officer

Walker clearly had probable cause to believe Abrams was obstructing his official duties. All that is required for obstruction is a physical act that impedes, hinders, interrupts, prevents, or delays the performance of an officer's duties. People v. Hilgenberg, 585 N.E.2d 180 (Ill. App. Ct. 1991). It is undisputed that Abrams pulled his car off the highway, backed it up in front of Forte's car, walked towards Walker and interrupted the traffic stop of Forte. Abrams' subsequent argument with Walker about Forte's traffic stop does not by itself constitute resisting or obstructing. People v. Long, 738 N.E.2d 216 (Ill. App. Ct. 2000) (resisting arrest); People v. Martinez, 717 N.E.2d 535 (Ill. App. Ct. 1999) (obstruction of peace officer). But Abrams then repeatedly refused to return to his car, would not present Walker with identification, and decided to leave after Walker indicated he was going to issue Abrams traffic tickets. At that point, Walker did not know Abrams' identity because Abrams refused to cooperate. Walker reasonably believed Abrams might flee when he returned to his car. *See* People v. Johnson, 445 N.E.2d 777 (Ill. 1983) (flight can be a form of resisting or obstructing a police officer); People v. Holdman, 383 N.E.2d 155 (Ill. 1978) (same); People v. Jones, 613 N.E.2d 354 (Ill. App. Ct. 1993) (same). While attempting to stop Abrams, Walker found a large hunting knife in Abrams' car and removed it. Contrary to Walker's order, Abrams retrieved the knife. Walker was reasonably concerned about his safety when Abrams disobeyed his instructions and grabbed the knife. Walker was required to call for assistance. Abrams' physical acts interrupted and delayed Walker's

traffic stop for over twenty minutes. This is sufficient probable cause. Martinez, 717 N.E.2d at 538-39. The fact that Walker did not immediately arrest Abrams for obstruction is irrelevant. Id. at 539. As long as Walker had reasonable grounds to arrest Abrams, he had discretion to arrest Abrams immediately, later, or never. Id.

## B. Probable Cause for Resisting Arrest

Walker clearly had probable cause to believe that Abrams resisted arrest. Abrams did not punch, bite, or kick Walker while being handcuffed, but he does not dispute that he spun and twisted. Pl. Ex. 1 at 50-52, 127, 143; Pl. Facts at ¶¶ 29-30.[3] This is sufficient to support probable cause for resisting arrest. People v. Crawford, 505 N.E.2d 394 (Ill. App. Ct. 1987). Even if Walker did not have probable cause to arrest Abrams for resisting, the probable cause Walker had for obstruction of a peace officer was sufficient to support Abrams' arrest and prosecution.

Because Walker had probable cause to arrest and prosecute Abrams, his § 1983 claims fail. Jones by Jones v. Web, 45 F.3d 178, 181 (7th Cir. 1995); Schertz, 875 F.2d at 582; Burghardt, 565 N.E.2d at 1052.

## III. FIRST AMENDMENT RETALIATION

Abrams' First Amendment retaliation claim rests on the same evidence as his malicious prosecution claim. Abrams argues that the evidence supports the conclusion that he was handcuffed, arrested, and charged because he peacefully voiced his concerns about Walker's stop of Forte. To support his argument, Abrams cites Norwell v. City of Cincinnati, 414 U.S. 14 (1973); DeWalt v. Carter, 224 F.3d 607 (7th Cir. 1999); Hess v. Indiana, 414 U.S. 105 (1973); and City of Chicago v.

---

[3]In reaching this conclusion, the court does not consider or rely on the comments of the trial judge concerning the arresting officers' credibility. Pl. Ex. 1 at 179-81.

Wender, 262 N.E.2d 470 (Ill. 1970). None of these cases is relevant. <u>Norwell</u> found that a defendant's objection to a detention he believed questionable without abusive language or fighting words, is not punishable as disorderly conduct. 414 U.S. at 16. Here, Abrams' opinions and concerns about Forte's stop did not form the basis of Walker's determination of probable cause. Abrams' defiant and disobedient actions led to his arrest for obstruction and resisting arrest.

<u>DeWalt</u> concerned a prisoner who filed a grievance and alleged he was retaliated against by prison officials. The Seventh Circuit found the prisoner stated a claim sufficient to survive a motion to dismiss. 224 F.3d at 618-19. Abrams did not file a complaint with a police department concerning an unlawful traffic stop. Instead, he pulled off a highway, backed up, parked and walked up to Walker to personally voice his concerns. Abrams behaved in an inappropriate way. <u>Hess</u> addressed inciting speech in the context of an anti-war demonstration, not disobedience of a police order.

While Abrams characterizes his behavior at Forte's traffic stop as protected speech, the undisputed facts establish that he was arrested for obstructing and resisting a law enforcement officer.

**CONCLUSION**

The motion for summary judgment is granted.

ENTER:

_Suzanne B. Conlon_
Suzanne B. Conlon
United States District Judge

April 9, 2001

8
